**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Sportbrain Holdings LLC**, an Illinois limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>**Under Armour, Inc.,**<br><br>    Defendant. | Civil Action No.:_____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Sportbrain Holdings LLC ("Sportbrain"), through its attorney, Isaac Rabicoff, complains of **Under Armour, Inc.** ("Under Armour") as follows:

### NATURE OF THE ACTION

1.  This is a patent infringement action to stop Defendant Under Armour's infringement of Plaintiff Sportbrain's United States Patent No. 7,454,002 entitled "*Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device*" (hereinafter, the "'002 Patent" or the "Patent-in-Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. Sportbrain seeks monetary damages.

### THE PARTIES

2.  Plaintiff Sportbrain is an Illinois limited liability company. Sportbrain is the exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including

the exclusive right to exclude Under Armour from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue Under Armour for infringement and recover past damages.

3. Under Armour is a corporation organized under the laws of Maryland with its principal place of business located in Baltimore, Maryland.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Under Armour because, among other things, it transacts business in this judicial District, at least by offering to sell, selling and/or advertising infringing products and services, including at least the Under Armour Band and Under Armour companion apps (collectively "Accused Products and Services"), in such a way as to reach customers in Illinois and this judicial district including, but not limited to, over the internet, and through retail stores located throughout this district, including Walmart Supercenter located at 4650 W North Ave, Chicago, IL 60639. Under Armour also directly markets and sells its infringing products and services to Illinois residents, including through its own flagship Under Armour store located at 600 N Michigan Ave, Chicago, IL 60611, and through its website, http://www.underarmour.com/.

7.     Under Armour has, consequently, committed acts of infringement in this judicial district.

8.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Under Armour has committed acts of infringement in this district.

## COUNT I: INFRINGEMENT OF THE '002 PATENT

9.     Sportbrain realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

10.    The '002 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11.    Under Armour has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents. Upon information and belief, Under Armour has infringed and continues to infringe one or more claims of the '002 Patent by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website.

12.    Each of the Accused Products and Services infringes at least claim 1 of the '002 Patent.

13.     In particular, using at least an accelerometer and/or motion sensor, the Under Armour Band acts as the personal parameter receiver, collecting data about the activity of the user, including at least recording the number of steps taken by the user when the product is active. The Under Armour Band and Under Armour companion apps (collectively the "Under Armour Band product") connect to wireless communication devices, including smartphones, for capturing personal data via a bluetooth connection. The Under Armour Band product periodically transmits personal data, including at least step data, from at least a smartphone to a network server over a wireless network. A network server then analyzes the personal data of the user and generates feedback information; this feedback information is posted to a website in at least a graphical and chart form for the user, and includes at least daily and weekly progress and other health and fitness metrics, including at least step count data. The aforementioned website and/or Under Armour companion apps also allow a user to compare that user's personal data, at least in relation to the user's friends, and posts that comparison of the personal data.

14.     Under Armour has also partnered with third parties to provide additional companion apps; to the extent that these third party companion apps (in combination with the Under Amour Band) carry out the remaining steps of the method in at least claim 1, these acts are attributable to Under Armour under a theory of divided infringement, and Under Armour directly infringes on the patent-in-suit.

15.     Under Armour also has and continues to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, Under Armour has actively induced, and continues to induce, the infringement of one or more claims of the '002 Patent at least by actively inducing its customers, including merchants and end-users to use Under Armour's devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, Under Armour has specifically intended that its customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required to infringe one or more claims of the '002 Patent is accomplished by Under Armour and Under Armour's customer jointly, Under Armour's actions have solely caused all of the steps to be performed.

16.     Under Armour knew or should have known that its conduct of advertising and instructing would induce others to use its products and services in a manner that infringes the '002 Patent.

17.    Sportbrain has complied with the provisions of 35 U.S.C. § 287 to the extent they
are applicable.

18.    Under Armour's aforesaid activities have been without authority and/or license
from Sportbrain.

19.    Under Armour's infringement has injured Sportbrain and it is entitled to recover
damages adequate to compensate it for such infringement, but in no event less than
a reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff Sportbrain respectfully asks this Court to enter judgment
against Defendant Under Armour for infringement and against its respective subsidiaries,
successors, parents, affiliates, officers, directors, agents, servants, employees, and all
persons in active concert or participation with it, granting the following relief:

A.    Under Armour has infringed and is infringing one or more claims of the
'002 Patent;

B.    Under Armour accounts to Sportbrain for damages adequate to compensate
for Under Armour's infringement of the '002 Patent and that such damages
be awarded to Sportbrain, including pre-judgment and post-judgment
interest;

C.    This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285
and that the Court award Sportbrain its expenses and attorneys' fees
incurred in bringing and prosecuting this action; and

D.    Sportbrain be awarded such further and additional relief as the Court deems
just and proper.

COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Sportbrain respectfully requests a trial by jury on all issues.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

ISAAC RABICOFF
RABICOFF LAW LLC
100 N LASALLE ST, SUITE 2400
CHICAGO, IL 60602
773-669-4459
ISAAC @ RABILAW.COM

COMPLAINT FOR PATENT INFRINGEMENT